(No. 44431.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. MELVIN McNEAL, Appellant.

*Opinion filed September 20, 1972.*

GERALD W. GETTY, Public Defender, of Chicago
(JUDITH C. SMITH and JAMES J. DOHERTY, Assistant
Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and EDWARD V. HANRAHAN, State's Attorney, of
Chicago (JAMES B. ZAGEL, Assistant Attorney General,
and ROBERT A. NOVELLE, JAMES R. TRUSCHKE and
HENRY A. HAUSER, Assistant State's Attorneys, of
counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion
of the court:

In a bench trial in the circuit court of Cook County,
defendant, Melvin McNeal, was found guilty of the offense
of armed robbery and sentenced to a term of not less than
12 nor more than 25 years in the penitentiary.

The record shows that on February 10, 1970, the
store of the Goodman Furniture Company was robbed. On
April 2, 1970, defendant was arrested by Chicago police

officers, taken to the station house, placed in a lineup and was identified by employees of Goodman Furniture Company as one of the perpetrators of the robbery. Defendant moved to suppress the identification testimony on the ground that the identifications were "induced by the actions of the police." At the hearing on the motion to suppress defense counsel contended that there was no probable cause for defendant's arrest and the identifications were induced by impermissibly suggestive procedures. The motion to suppress was denied and on appeal the sole ground urged for reversal is that the refusal of his request for an opportunity to contact his·lawyer before being placed in the lineup violated his sixth amendment right to counsel.

The testimony of the three employees of the Goodman Furniture Company who identified defendant shows that each of them had observed him for lengthy periods of time while the robbery was in progress, and it is clearly shown that their identifications were independent of and uninfluenced by their seeing him at the lineup. The testimony also shows that when these witnesses were shown photographs they selected that of defendant as one of the men who had participated in the robbery. The proceedings prior to and during the lineup are described in the testimony and there is no evidence that anything occurred which could influence the witnesses or which was in any manner suggestive. The record presents no basis to hold that the in-court identifications stem from a source proscribed by *United States v. Wade, 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926,* or *Gilbert v. California, 388 U.S. 263, 18 L.Ed.2d 1178, 87 S.Ct. 1951,* or that as argued by defendant, *Escobedo v. Illinois, 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758,* requires reversal. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*